Marc C. Forsythe - State Bar No. 153854
mforsythe@goeforlaw.com
Charity J. Manee – State Bar No. 286481
cmanee@goeforlaw.com
**GOE FORSYTHE & HODGES LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
Telephone:  (949) 798-2460
Facsimile:  (949) 955-9437


Eric Landau (State Bar No. 138849)
elandau@egsllp.com
Travis Biffar (State Bar No. 217593)
tbiffar@egsllp.com
**ELLENOFF GROSSMAN & SCHOLE, LLP**
18101 Von Karman Avenue, Suite 230
Irvine, California 92612-7132
Telephone:    (949) 679-6400
Facsimile:     (949) 679-6405

Attorneys for Dr. Khalid Bin Jabor Al Thani and
Trivalley Trading & Contracting, WLL

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>GLOBAL DISCOVERY BIOSCIENCES CORPORATION, a Delaware corporation,<br><br>    Debtor. | Case No. 8:21-bk-10619-MW<br><br>Bankruptcy filed March 11, 2021<br><br>Chapter 11<br><br>**REPLY IN SUPPORT OF MOTION FOR APPROVAL OF STIPULATION BETWEEN KHALID BIN JABOR AL THANI AND TRIVALLEY TRADING & CONTRACTING, WLL, ON THE ONE HAND, AND DEBTOR, ON THE OTHER HAND, FOR RELIEF FROM STAY PURUANT TO 11 U.S.C. §362 (NONBANKRUPTCY ACTION)**<br><br>Hearing Date: July 12, 2021<br>Time:              2:00 p.m.<br>Courtroom:    6C<br>                      411 West Fourth Street<br>                      Santa Ana, CA 92701 |

1

Dr. Khalid Bin Jabor Al Thani ("Dr. Khalid") and Trivalley Doha Qatar aka Trivalley Trading & Contracting, W.L.L., a Qatar limited liability company ("Trivalley," and together with Dr. Khalid, the "Khalid Parties") file this reply in support of the *Motion to Approve Stipulation Between Khalid Bin Jabor Al Thani And Trivalley Trading & Contracting, Wll, On The One Hand, And Debtor, On The Other Hand, For Relief From Stay Pursuant To 11 U.S.C. §362 (Nonbankruptcy Action)* [Docket No. 88] ("Motion"). The Motion seeks entry of an order approving the *Stipulation Between Khalid Bin Jabor Al Thani And Trivalley Trading & Contracting, WLL, On The One Hand, And Debtor, On The Other Hand, For Relief From Stay Pursuant To 11 U.S.C. §362 (Nonbankruptcy Action)* ("Stipulation") This Reply responds to the *Objection To Motion For Entry Of Order Approving Stipulation For Relief From Stay Pursuant To 11 USC §362 And Request For Hearing Thereon* ("Objection") [Docket No. 103] filed by Mark Sharf, the subchapter V trustee ("Trustee") of the bankruptcy estate of Global Discovery Biosciences Corporation, a Delaware corporation, the debtor and debtor in possession in the instant bankruptcy case, ("Debtor"). The Motion seeks entry of an order approving the Stipulation that was entered into in light of the Court's *Order Granting In Part And Denying In Part Motion For Order: (1) Dismissing Debtor's Bankruptcy Case For Lack Of Jurisdiction; (2) Dismissing Debtor's Bankruptcy Case For Cause Pursuant To Bankruptcy Code § 1112(B); (3) Abstaining From Debtor's Bankruptcy Case Pursuant To Bankruptcy Code § 305; Or Alternatively, (4) Exercising Mandatory Or Permissive Abstention Under 28 U.S.C. § 1334(C) Over The Question Of Whether Debtor's Case Was Properly Authorized To Be Filed Under The Applicable Corporate Law; And (5) Awarding Sanctions For Violation Of Bankruptcy Rule 9011* [Docket No. 72] (the "Dismissal Order").

**I.    INTRODUCTION**

The Trustee's Objection to the Motion should be overruled. The Trustee complains that the Stipulation should not be approved as proposed because:

(1) The issues in the litigation pending in the State Court Matters, as defined in the Stipulation, are not or may not entirely be limited to issues of ownership of and control over the Debtor;

(2) The Trustee will be "forced" to take a role in the State Court Matters, costing the estate money; and

(3) The Khalid Parties seek the production of records (pertaining to the ownership and control dispute) in the course of a proceeding in the Delaware Chancery Court and the Trustee is concerned the burden of production will fall on him.

Based on these contentions, the Trustee proposes that the Court limit the order requested by stipulation lifting the automatic stay by altering or limiting the effect of the collateral estoppel effect of the judgments to be entered, a matter of state law that is governed by 28 U.S.C. Section 1738. Rather than altering established state law governing the preclusive effect of judgments, the easier solution is for the Trustee to abandon the estate's interest in any burdensome aspects of the litigation, such as the ownership and control dispute and/or to enable the real parties in interest, which will allow Dr. Harrington and his share holding company Ark Partners, to substitute into the litigation as the real parties in interest as to those claims.

Further, the Trustee's request to essentially enjoin any request for documents being directed to him will unnecessarily handicap and likely undermine the ability of the Khalid Parties to reach a resolution of the ownership and control dispute since the Trustee will be and likely already is in control of the Debtor's records. Moreover, the Khalid Parties have agreed previously to incur the cost of a third-party document handling company to perform the electronic search for corporate records, which will avoid curtailment of the Khalid Parties legally robust inspection rights, notwithstanding removal of the Debtor from possession.

For these and the following reasons, the Court should approve the Stipulation which follows the law of the case and the Court's prior ruling in the Dismissal Order (i.e., that the State Court Matters will proceed to final disposition in the state courts).

## II. RELEVANT FACTUAL HISTORY

By this point, the Court is well acquainted with the history of this case and the central dispute in it, which concerns whether the Debtor's bankruptcy case was validly filed based on the pre-petition finding in binding arbitration that the Khalid Parties own a controlling interest in the Debtor, among other things, and the pending motions and trials. Debtor filed this case as a

blatant effort to escape the three impending trials in the Delaware Chancery Court and the Orange County Superior Court (the "State Court Matters").[1]  As a brief recap of the history and facts presented to this Court, the Khalid Parties own 55% of the outstanding stock of Debtor, a controlling interest recognized by a binding judicial reference authorized by the Orange County Superior Court two years ago.  Dr. Khalid submitted shareholder consents in January of this year to replace the board of directors (*i.e.*, the Old Board) with a new slate (the "New Board").  Dr. Harrington, who is in control of the Debtor and has been using the Debtor's coffers to defend his and his entity Ark Partner's purported interest in the Debtor, refuses to recognize Dr. Khalid's status as a shareholder, much less a controlling shareholder, despite the express findings of the Honorable Judith M. Ryan (Ret.), who presided over the ten (10) day trial conducted pursuant to judicial reference; refuses to provide Dr. Khalid with access to the company's books and records, contrary to Delaware law; refuses to acknowledge the New Board, contrary to Delaware law; has taken over the Debtor's office and laboratory space, and now uses the pirated intellectual property for his own personal gain.

Debtor filed its unauthorized petition commencing this case on March 11, 2021 (the "Petition Date") in the middle of a dispositive motion hearing before the Orange County Superior Court ("OC Litigation").  The Khalid Parties filed a motion to dismiss this invalidly filed bankruptcy case soon thereafter, arguing the Court lacks subject matter jurisdiction over this case based on binding Supreme Court precedent, that the Debtor's filing was independently subject to dismissal under Section 1112(b) of the Bankruptcy Code based on bad faith for, among other things, being an obvious blatant litigation tactic, and that the Court should abstain from adjudicating any of the state law disputes that Debtor sought to litigate anew before this Court after nearly five years of the OC Litigation, and just weeks before trial in all three pending State Court Matters.

Significantly, the Debtor argued in its opposition to the Motion to Dismiss, that there is a "one final judgment rule" that must be abided in California and that any judgment in the OC

---

[1] Rather than file a voluminous Request for Judicial Notice in relation to the Motion to Dismiss and the pending Motion for Reconsideration, the Khalid Parties reference Docket No.'s 24, 25, 37-43, 45-46, 53-57, 66, 69, 71-74, 78-83, 89-91, and 97-98.

1  Litigation is not final until exhaustion of appeals.  *See* Debtor's opposition to the Motion to

2  Dismiss, Docket No. 37 at pages 5, line 7-12.

3        The Court declined to dismiss Debtor's case, instead finding in its tentative ruling that

4  Debtor's filing was the likely result of forum shopping, that abstention was appropriate as to

5  entirety of the State Court Matters, and that the Delaware Chancery Court and Orange County

6  Superior Court are the appropriate courts to finally determine the pending disputes between

7  Debtor and the Khalid Parties.  Paragraph 2 of the Dismissal Order specifically provides

8  (emphasis added),

> The Court will abstain under Section 1334, Title 28, of the United States Code from adjudicating the disputes among the shareholders or purported shareholders of the Debtor regarding the ownership and control of the Debtor **and will allow such disputes to be resolved in connection with the proceedings already pending before the Delaware Chancery Court and Orange County Superior Court**, which proceedings are styled as (a) *Global Discovery Biosciences Corporation v. Khalid Bin Jabor Al Thani et. al*., Case No. 30-2016-00878822-CU-BC-CJC, pending in the Orange County Superior Court, (b) *Trivalley Trading & Contracting, WLL v. Global Discovery Biosciences Corporation*, C.A. No. 2020-1015-JRS, pending in the Delaware Chancery Court, and (c) *In Re Global Discovery Biosciences Corporation*, a Delaware corporation, C.A. 2021-0196, also pending in the Delaware Chancery Court.

15        The Trustee was present at the hearing on the Motion to Dismiss, and was heard on that

16  Motion, though he did not file any papers in opposition, requesting limited abstention, for

17  example.  After the Khalid Parties lodged their proposed order on the Motion to Dismiss with

18  the Court, the Debtor objected ("Overruled Objection") to the proposed order, arguing the Court

19  should not abstain from the action in the Delaware Chancery Court to inspect Debtor's books

20  and records ("Inspection Action"), which the Court overruled pursuant to the lack of any

21  inclusion of such objection in the Dismissal Order.  *See* Dismissal Order [Docket No. 72] and

22  Overruled Objection [Docket No. 71].  Despite the Overruled Objection and express finding that

23  the Court will allow the State Court Matters to proceed forthwith to final judgment as a predicate

24  to this Court considering a plan, for example, the Trustee now requests the Court limit relief

25  from the automatic stay in ways that will undercut the final resolution of the State Court Matters

26  and/or will run afoul of established state law.

27      \\\

28

## III. ARGUMENT

### A. Cause Exists to Grant Relief from the Stay.

As explained recently by the Ninth Circuit Bankruptcy Appellate Panel, "Congress clearly contemplated that in certain circumstances, other courts would hear and determine proceedings arising in or related to a bankruptcy case (subject to limits on enforcement), **i.e., abstention**, 28 U.S.C. § 1334(c), and removal and remand, 28 U.S.C. § 1452." *Merriman v. Fattorini (In re Merriman)*, 616 B.R. 381, 394 (9th Cir. BAP, 2020) (bolding added). The BAP further explained,

> It has long been acknowledged that the decision to grant relief from stay to permit litigation to continue in another forum **is related to decisions regarding abstention** and is one best determined via reference to a multi-part test that seeks to balance concerns re judicial economy, harm to the estate, and prejudice to third parties. *See In re Tucson Estates, Inc.*, 912 F.2d at 1167 (reciting factors to be considered in determining whether permissive abstention is appropriate); *In re Curtis*, 40 B.R. at 799-800 (reciting factors to be considered when determining to grant stay relief to litigate claims in another court). These concerns are part of every competent determination to grant or deny relief from stay to pursue a claim in another forum, whether prospective or retroactive.

*Id*. at 394.

Even though the Trustee does not argue that cause under 11 U.S.C. Section 362(d)(1) does *not* exist to lift the automatic stay to allow the State Court Matters to proceed in the state courts, it is important to note that cause undoubtedly exists as the Court has already ruled that abstention is appropriate as to each of the State Court Matters for the purpose of allowing each of them to proceed to final judgment.

> The law of the case doctrine precludes courts from reconsidering a previously decided issue. *See United States v. Alexander*, 106 F.3d 874, 877 (9th Cir. 1997). The doctrine applies to issues that were "decided explicitly or by necessary implication in the previous disposition." *See United States v. Lummi Nation*, 763 F.3d 1180, 1187 (9th Cir. 2014). The law of the case doctrine extends to bankruptcy cases, which comprise the initial bankruptcy filing and any adversary proceedings that arise from the filing. *See In re GGW Brands, LLC*, No. 2:13-bk-15130-SK, 2013 Bankr. LEXIS 5467, 2013 WL 6906375, at *16 (Bankr. C.D. Cal. Nov. 15, 2013) (*citing In re Pilgrim's Pride Corp*., 442 B.R. 522, 530 (Bankr. N.D. Tex. 2010)). The doctrine also applies between separate adversary proceedings in the same bankruptcy case. *Id*. The Ninth Circuit has identified certain exceptions to the law of the case doctrine, one of which Otte argues applies here. See Thomas v. Bible, 983 F.2d 152, 155 (9th Cir. 1993). Courts may reopen a previously resolved question if its first decision was clearly erroneous. *Id*.

*Otte v. Naviscent, LLC*, 624 B.R. 883, 899 (N.D. Cal. 2021).

Here, based on the Court's ruling that it would abstain from adjudicating the issues in the State Court Matters, it is the law of the case that "cause" exists to grant relief from the stay to allow each of the State Court Matters to proceed to final judgment. There is no language in the Dismissal Order that limits what steps can be taken in the State Court Matters to reach a final judgment (as was argued by the Debtor in the Overruled Objection – Docket No. 71). This is unchanged by the fact that the Debtor has been removed from possession and the Trustee is now in control of the Debtor's estate. Indeed, that result was contemplated by the Court at the time it ordered abstention when the Court advised all parties attending the Motion to Dismiss that it would be issuing an order to show cause re why the Debtor should not be removed from possession, pending resolution of the State Court Matters.

As such, the Court should uphold its prior ruling and lift the stay to enable this case to progress in the manner in which the Court envisioned without further delay.

**B.    The Trustee Should Not Oppose Relief from Stay on the Basis that the SASOD May Have Determined That the Dr. Harrington Contributed the PULS Test to the Debtor as His "Capital Contribution".**

The Trustee asserts that the litigation pending in the Orange County Superior Court **may** result in a determination that Dr. Harrington contributed the PULS test to the Debtor at the time of his agreement with the Khalid Parties for the formation of/investment in the Debtor. To be clear, the Trustee references argument made by the Khalid Parties regarding a finding in Judge Ryan's Second Amended Statement of Decision ("SASOD") that has already been issued and, for the reasons set forth in pleadings in connection with the Motion to Dismiss, already is binding on the trial court and may only be disturbed by post-trial motion and/or appeal. Moreover, the finding regarding Dr. Harrington's contribution of the PULS test technology to the Debtor was part of Judge Ryan's findings about what the original ownership agreement was between the Khalid Parties and Dr. Harrington.

Assuming the Trustee's (and Khalid Parties') legal analysis of this issue is true (i.e., that a judgment on the SASOD will necessarily decide ownership of the PULS test), such a finding would only inure to the benefit the Debtor. If that issue was not necessarily decided in the

7

1   SASOD, it is clear that the SASOD does not contain any finding adverse to the Debtor on this
2   issue.  As such, there is no reason for the Trustee to oppose relief from stay based on the
3   possibility that the SASOD will result in an issue preclusive finding in Debtor's favor on the
4   ownership of its most valuable asset.  Indeed, this will provide immense savings to the estate and
5   preserve value for the Debtor and its creditors.  There are **no other examples of why limited**
6   **relief from the stay should be ordered even after** the Trustee  has been provided all of the
7   pleadings at issue in the State Court Matters (which were filed in connection with the Motion to
8   Dismiss and setting forth each party's claims or defenses, of any possible adverse result to the
9   estate), especially one that is outweighed by the benefits of abstention, respect for comity and
10  allowing those disputes to swiftly be decided in the appropriate forum.

   **C.    To the Extent the State Court Matters or Any Part of Them is Burdensome for the Estate, the Trustee Should Abandon the Estate's Interests Therein and/or Substitute the Real Parties in Interest Into that Litigation, As Appropriate.**

15  The Trustee objects to approval of the Stipulation on the basis that he expects he will be
16  required to participate in the State Court Matters and that doing so may be costly or burdensome
17  to Debtor's estate.  Both of the actions pending before the Delaware Chancery Court are
18  summary proceedings, entirely focused on ownership, control and internal corporate governance
19  issues. The matters pending in the Delaware Chancery Court are entirely focused on the control
20  and ownership issues, including the Inspection Action (as defined in the Motion to Dismiss).
21  The nature of the OC Litigation is also over the ownership of the Debtor, at least to the extent
22  that action pertains to the Debtor since there are also claims against third parties such as Dr.
23  Harrington that have been stayed collectively.  To the extent any part of the State Court Matters
24  is burdensome or costly to the estate, the Trustee could and in fact *should* abandon such claims
25  or defenses, which likely includes any and all claims pertaining to the ownership and control of
26  the Debtor.  This would effectively limit the scope of the Trustee's involvement but allow him to
27  be heard on issues he deems important to the estate.  However, this case was filed on March 11,
28  2021, with all State Court Matters disclosed, and it is now already July 2021and no progress has

8

been made toward resolving the central issue in this case. When the stay is lifted, it will take time for each state court to reschedule trials and hearings that were taken off calendar and the Trustee will have even more time to consider what role he envisions for himself in those cases. As an alternative remedy to abandonment, and particularly in reference to the ownership and control disputes, Trustee may substitute Ark Partners and Munira al Delemi or Debtor's alleged current Board of Directors as the real parties as to those claims.

### D. The Court Should Not Limit the Preclusive Effect of any Judgment Rendered in the State Court Matters.

In his Objection, the Trustee requests that the Court limit the preclusive effect of any judgment issued in the State Court Matters so that they will not be binding on the Trustee or estate. The Trustee offers no legal authority to support the granting of such relief, which in any event is contrary to law.

A federal court must give a state court judgment the same preclusive effect that it would receive in that state. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). "[W]e have parallel systems of state and federal courts, and the concerns of comity reflected in § 1738 generally allow States to determine the preclusive scope of their own courts' judgments." *Id*., 385 (citations omitted). And, "…federal courts are not free to give greater preclusive effect to a state court judgment than would the judgment-rendering State." *Id*., at 384, citing *Migra v. Warren City School Dist. Bd. Of Education*, 465 U.S. 75, 81. In the absence of federal law modifying the effect of a state court judgment, the preclusive effect of the state court judgment is determined by state law. *Id*.

For this reason, and because judicial economy and issues of comity are served by lifting the stay for the same reasons the Court abstained, the Court should lift the stay. That the Trustee may be compelled to take some (limited) role in those actions is nothing out of the ordinary in the course of bankruptcy proceedings and in fact is part and parcel of serving as trustee. Moreover, as noted above, the only non-ownership related issue the Trustee highlights (i.e., ownership of the PULS test) is one that will benefit the Debtor's estate, especially if resolved as quickly as possible.

### E. The Khalid Parties Will Incur the Expense of Document Searching/Location in the Inspection Action.

Other than the expense of discovery, the Khalid Parties do not understand the Trustee's Objection arguing that the Khalid Parties should not be able to inspect the Debtor's books and records. Indeed, this is a special proceeding in Delaware conducted on a summary basis because of the need for expedited relief since what is revealed will greatly impact and expedite the disputes surrounding ownership and control over the Debtor. Presumably, the Debtor and its current sole officer will cooperate with the orders of the Delaware Chancery Court or with the needs of the Trustee. However, given that the Trustee is likely to and probably already has taken possession and control of the Debtor's records, the Khalid Parties should not be foreclosed from seeking corporate records from him. In the absence of the specialized Delaware proceeding, the Khalid Parties would be able to request such documentation in the course of this case, under Federal Rule of Bankruptcy Procedure 2004, for example, and it is critical that they be able to exercise their inspection rights previously denied by the Debtor to resolve the ownership and control disputes. The Khalid Parties will proceed in a manner that limits the expense to the Trustee and bankruptcy estate as they have privately offered and assured the Trustee they will do.

## IV. CONCLUSION

For the foregoing reasons, the Court should overrule the Trustee's objection and approve the stipulation.

Dated: July 2, 2021                    Respectfully submitted by

**GOE FORSYTHE & HODGES LLP**

By: /s/Marc C. Forsythe
    Marc C. Forsythe
    Charity J. Manee
    Attorneys for Dr. Khalid Bin Jabor Al
    Thani and Trivalley Doha Qatar aka
    Trivalley Trading & Contracting, W.L.L., a
    Qatar limited liability company

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF MOTION FOR APPROVAL OF STIPULATION BETWEEN KHALID BIN JABOR AL THANI AND TRIVALLEY TRADING & CONTRACTING, WLL, ON THE ONE HAND, AND DEBTOR, ON THE OTHER HAND, FOR RELIEF FROM STAY PURUANT TO 11 U.S.C. §362 (NONBANKRUPTCY ACTION)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 2, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) July 2, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 2, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows: Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Mark Wallace, 411 West Fourth Street, Santa Ana, CA 92701
  (document delivery suspended due to COVID-19 protocols)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 2, 2021 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**Mailing Information for Case 8:21-bk-10619-MW**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Jeremy Faith**   Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **Marc C Forsythe**   kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
- **Beth Gaschen**   bgaschen@wgllp.com, kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
- **Jeffrey I Golden**   jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com
- **Richard H Golubow**   rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;mweinberg@wghlawyers.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Sonja Hourany**   shourany@wgllp.com, kadele@wgllp.com;lbracken@wgllp.com;shourany@ecf.courtdrive.com
- **Charity J Manee**   cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **Laila Masud**   lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Monserrat Morales**   Monsi@MarguliesFaithLaw.com, Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com
- **Mark M Sharf (TR)**   mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov